IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MILITZA PAGÁN QUIÑONES; MYRNA
IVELISSE DÍAZ ROSARIO; EFRAÍN DE
JESÚS ACEVEDO; MAYRA NOEMÍ
DÁVILA CEPEDA; CYNTHIA ENID
MIRANDA HERNÁNDEZ; JAVIER
WILFREDO PESANTE FIGUEROA;
MAYRA GISELA CAMACHO RAMÍREZ
AND HÉCTOR GUADALUPE-
CAMACHO, CONJUGAL PARTNERSHIP
OF GUADALUPE-CAMACHO, EVELYN
NIEVES GARCÍA AND MARCOS
ANTONIO RIVERA VELÁZQUEZ,
CONJUGAL PARTNERSHIP RIVERA
NIEVES; SONIA IVETTE RIVERA
MARRERO AND JUAN RAMOS
TORRES, CONJUGAL PARTNERSHIP
RAMOS RIVERA; MARÍA DEL CARMEN
SANTOS ÁLVAREZ AND BETSINDA
VELÁZQUEZ RODRÍGUEZ,

Plaintiffs,

v.

YANITSIA IRIZARRY MÉNDEZ IN HER
OFFICIAL AND PERSONAL CAPACITY,
JOHN DOE, CONJUGAL PARTNERSHIP
DOE-IRIZARRY; ESTEBAN PÉREZ
UBIETA, IN HIS OFFICIAL AND
PERSONAL CAPACITY, CONJUGAL
PARTNERSHIP DOE-PÉREZ,

Defendants.

CIVIL NO. 10-1378 (CVR)

## OPINION AND ORDER

### INTRODUCTION

Above plaintiffs filed a complaint against defendants on federal causes of action

under Title 42, United States Code, Sections 1983 and 2000(d), the First and Fourteenth

Amendments of the Constitution of the United States of America, and supplemental

Militza Pagán Quiñones, et al., v. Yanitsia Irizarry Méndez, et al
Civil No. 10-1378 (CVR)
Opinion and Order
Page No. 2

jurisdiction under the Constitution and state laws of Puerto Rico. [1] Title 42, United States Code, Section 1988 and Title 28, United States Code, Section 1367. (Docket No. 3). [2]

Defendant Yanitsia Irizarry Méndez (hereinafter "Irizarry") is identified in the complaint as the Secretary of the Department of the Family and is sued both in her individual and official capacities with co-defendant John Doe and the conjugal partnership.

Defendant Esteban Pérez Ubieta (hereinafter "Pérez"), at all times relevant, was the Administrator of the Department of the Family and is sued both in his individual and official capacities with co-defendant Jane Roe and their conjugal partnership.

Plaintiffs were for the most part former employees of the Department of Family, an agency of the central government of the Commonwealth of Puerto Rico, who claim are identified with the Popular Democratic Party ("PDP"). Since January 2009, immediately after the New Progressive Party ("NPP"), opposing political party to the PDP, assumed power, plaintiffs allege defendants began a pattern of discrimination and harassment which conduct continued until plaintiffs were terminated effective November 6, 2009, allegedly because of their political affiliation and beliefs. (Docket No. 3, p. 2, sec. 5).

Plaintiffs submit they are all career employees who have satisfactorily fulfilled all of the duties of their positions. To sustain their claims of political discrimination, plaintiffs aver that, several weeks after assuming power, Governor Luis Fortuño-Burset signed into

---

[1]  Plaintiffs have also claimed employment discrimination in violation of state laws, to wit; Act No. 114 of May 7, 1942, P.R. Laws Ann. tit. 29, §§ 140 et seq.; Act No. 100 of June 30, 1959, P.R. Laws Ann. tit. 29, §§ 146 et seq.; Act No. 184 of August 3, 204, P.R. Laws Ann. tit. 3, §§ 14611 et seq.; and Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. tit. 31, § 5141. (Docket No. 3).

[2]  The complaint included as parties the conjugal partnership of some of the plaintiffs with their respective spouses.

<u>Militza Pagán Quiñones, et al., v. Yanitsia Irizarry Méndez, et al</u>
Civil No. 10-1378 (CVR)
Opinion and Order
Page No. 3

Law Act No. 7 of March 9, 2009, which empowered government agencies, including the Department of the Family, to among other efforts, aimed at improving the government's economic situation, dismiss thousands of government employees, including career employees. Law No. 7 specifically stated the determination of which employees were to be dismissed was to be made strictly by seniority on a government-wide basis. Plaintiffs also aver that at no time the government made a scientific study of the seniority status of the employees before determining who would be dismissed; publish or otherwise make available to the employees the seniority lists which would have allowed the dismissed employees to ascertain whether their seniority status had been properly recognized; afford plaintiffs a meaningful opportunity to verify their seniority status or to question the decision to include them in the roster of employees to be terminated. The complaint further adds that on or about September 25, 2009, plaintiffs received letters signed by co-defendant Pérez removing them from their position with the Department of the Family.

Succinctly, plaintiffs claim they were terminated after the NPP won the 2008 elections because they are members of the opposing party PDP. As a consequence thereof, they contend their constitutional and statutory rights to freedom of speech and association, to equal protection, and due process under the United States Constitution and the Constitution of Puerto Rico were infringed.

The Court already ruled on an initial motion to dismiss finding a sufficient *prima facie* case of the causes of action claimed in the complaint as to political discrimination under Section 1983 and for procedural due process violation under the Fourteenth

Amendment. (Docket No. 18).[3] On February 28, 2012, the parties consented to jurisdiction by this Magistrate Judge.

Defendants filed a Motion for Judgment on the Pleadings stating the complaint has failed to present claims as to the defendants Irizarry and Pérez and being entitled to qualified immunity. (Docket No. 40). Thereafter, defendants also filed a Motion to Dismiss and/or Stay under the Colorado River doctrine[4] for this federal court to abstain from exercising jurisdiction.  (Docket No. 53).

Plaintiffs requested an extension of time to oppose the latter, which was granted and the opposition became due on March 14, 2012. (Docket Nos. 61 and 63). Pending opposition, defendants' request to stay was initially denied.[5]  Since the time to file a reply and/or opposition to above pending dispositive motions expired, this Magistrate Judge reconsidered the denial of the stay of the case and issued an order on March 21, 2012 granting the stay of discovery and considering the pending dispositive motions unopposed.[6]

It is now proper to resolve the issues raised by defendants, without the benefit of plaintiffs' position.

---

[3]  Regardless of the Court's previous ruling on the motion to dismiss, same is not considered the law of the case. In re Cabletron Systems, Inc., 311 F.3d 11, 22 (1st Cir. 2002) (stating the law of the case is a discretionary doctrine, especially as applied to interlocutory orders such as this one). See Pérez-Ruiz v. Crespo-Guillén, 25 F.3d 40, 42 (1st Cir.1994).

[4]  Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 96 S.Ct. 1236 (1976).

[5]  Emergency Motion to Stay (Docket No. 51); Order denying stay, extending time for discovery and filing of dispositive motions. (Docket No. 68).

[6]  Order issued on March 21, 2012.  (Docket No. 69).

Militza Pagán Quiñones, et al., v. Yanitsia Irizarry Méndez, et al
Civil No. 10-1378 (CVR)
Opinion and Order
Page No. 5

### STANDARD OF REVIEW FOR JUDGMENT ON THE PLEADINGS

The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6). *See* Pasdon v. City of Peabody, 417 F.3d 225, 226 (1st Cir.2005); Collier v. City of Chicopee, 158 F.3d 601, 602 (1st Cir.1998).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure dismissal may be warranted for failure to state a claim upon which relief can be granted. To elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

The Supreme Court most recent opinion changes the standard for a motion to dismiss so that plaintiff will now have to include more information in the pleadings if he/she wants to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1969 (2007).[7] The First Circuit has cited to this decision and noted this new

---

[7]  No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face.  Bell Atlantic, 127 S.Ct. at 1974.

Militza Pagán Quiñones, et al., v. Yanitsia Irizarry Méndez, et al
Civil No. 10-1378 (CVR)
Opinion and Order
Page No. 6

standard in <u>Rodríguez-Ortiz v. Margo Caribe, Inc.</u>, 490 F.3d 92, 94-95 (1ˢᵗ Cir. 2007),

wherein, as stated  in part below indicated:

> At the outset, we note that even under the liberal pleading standard of
> Federal Rule of Civil Procedure 8, the Supreme Court has recently held that
> to survive a motion to dismiss, a complaint must allege "a plausible
> entitlement to relief." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1967, 167 L.
> Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language
> of <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957),
> that "a complaint should not be dismissed for failure to state a claim unless
> it appears beyond doubt that the plaintiff can prove no set of facts in support
> of his claim which would entitle him to relief." See <u>Twombly</u>, 127 S. Ct. at
> 1969. The Court found that the "no set of facts" language, if taken literally,
> would impermissibly allow for the pleading of "a wholly conclusory statement
> of [a] claim," and that "after puzzling the profession [**8]  for 50  [*96]
> years, this famous observation has earned its retirement." *Id.* at 1968, 1969.

Similarly under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, the factual

statements of the complaint are still considered true, indulging every reasonable inference

helpful to plaintiffs' cause.  However, the tenet that a court must accept as true all the

allegations contained in a complaint is inapplicable to legal conclusions and mere recitals

of the elements of a cause of action, supported by mere conclusory statements, do not

suffice.  <u>Ashcroft v. Iqbal</u>, 556U.S. 662, 129 S.Ct. 1937, 1949 (2009).

Regardless of absence or an opposition or reply to defendants' motion for judgment

on the pleadings, as in this case, said motion may be granted only when the pleadings, taken

at face value, leave no material facts in dispute.  A motion for judgment on the pleadings

is a procedural device directly governed by Civil Rule 12(c). Accordingly, federal courts,

whether or not sitting in diversity, must look to federal law to deduce the standards for

Militza Pagán Quiñones, et al., v. Yanitsia Irizarry Méndez, et al
Civil No. 10-1378 (CVR)
Opinion and Order
Page No. 7

deciding such motions. *See* <u>Gulf Coast Bank & Trust Co. v. Reder</u>, 355 F.3d 35, 38 (1st Cir. 2004); <u>Rivera-Gómez v. Adolfo de Castro</u>, 843 F.2d 631, 635 (1st Cir.1988).

In sum, a request for judgment on the pleadings filed pursuant to Fed.R.Civ.P. 12(c) is treated similar to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). <u>Simmons v. Galvin</u>, 575 F.3d 24, 30 (1st Cir. 2009). The denial of a motion for judgment on the pleadings is "much like a Rule 12(b)(6) motion to dismiss." <u>Pérez-Acevedo v. Rivero-Cubano</u>, 520 F.3d 26, 29 (1st Cir. 2008). "[T]o survive a Rule 12(b)(6) motion (and, by extension, a Rule 12(c) motion) a complaint must contain factual allegations that 'raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true.' " *Id.* (*quoting* <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007)). *See* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. at 1949. *See Similarities and differences between motion to dismiss and motion for judgment on the pleadings*, 61A Am. Jur. 2d Pleading § 483.

## LEGAL DISCUSSION

Defendants' Motion for Judgment on the Pleadings rests in that the complaint lacks factual specificity to meet the requirements from which a claim of political discrimination in employment properly presents defendants' personal involvement in the adverse employment action. The complaint is considered to only contain conclusory statements that somehow each defendant was aware of each of the plaintiffs' political affiliation and mere proximity to the another political party taking charge after the general elections were held in 2008. Thus, no plausible inference may be drawn the alleged actions were

motivated by political animus.  Defendants submit plaintiffs' allegations as to dismissal

from their career positions because of Law No. 7, also fails to present a violation of due

process that could identify any of the defendants' participation and said cause of action is

also subject to dismissal.  (Docket No. 40, p. 3).

## I.  Federal Causes of Action.

### A.     Political Discrimination.

To establish defendants' liability under Section 1983 plaintiffs must comply with the

provision that states:

> Every person who, under color of any statute, ordinance, regulation custom,
> or usage ... subjects, or causes to be subjected, any citizen of the United States
> or other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws, shall
> be liable to the party injured in an action at law, suit in equity, or other
> proper proceeding for redress....Title 42, United States Code, Section 1983.

Defendants aver judgment on the pleadings is warranted for there is no factual

allegation, but rather speculative averments, as to any discrimination claim under either

Section 1983 or of a constitutional level as to the First and Fourteenth Amendment.

Neither is there any factual allegation that would establish beyond speculation or suspicion

a cognizable political animus in defendants' adverse employment action.  Thus, defendants

submit plaintiffs have failed to present sufficient pleadings from which they could establish

their causes of action for which judgment on the pleadings for defendants is appropriate.

First, defendants argue the complaint fails to plead the essential elements of a

political discrimination claim.  Essentially, the complaint fails to assert why any of the

defendants would have knowledge of each of the eleven (11) plaintiffs' political affiliation.

The complaint also is deemed insufficient as to political affiliation being the substantial or motivating factor behind the adverse employment decision.

Secondly, the complaint should indicate that a particular conduct by a specific defendant deprived a person of the rights secured by the Constitution or laws. There must be in fact a deprivation of such rights and defendants' conduct should have caused such deprivation for there is no *respondeat superior* or vicarious liability of a defendant in a civil rights claim.

Finally, the complaint refers collectively to defendants, in plural, without any factual allegation describing the acts of each one of as to each plaintiff and even at times to a generalized description of acts by "the government", without any reference to defendants' identities.

Defendants are correct in their submission the complaint refers plaintiffs have submitted being persons identified with the PDP. (Docket No. 3, ¶4). Since January 2009, after the NPP assumed power, it avers defendants began a pattern of discrimination and harassment against plaintiffs all because of their political affiliation. (*Id.*, ¶5). At other instances, the complaint refers repeatedly as to the collective defendants, without identifying any of them with a particular action or knowledge, in dismissing plaintiffs from employment. (*Id.*, ¶¶5, 7, 8, 20, 34, 38, 39, 40, 41, 42, 43, 44, 45 and 48). The complaint refers to co-defendant Irizarry as being the Secretary of the Department of the Family. (*Id.*, ¶¶ 16, 25, 26 and 25). The complaint states said co-defendant is a member of the NPP. (*Id.*, ¶35). Reference to defendants Pérez and Irizarry is limited to stating they participated in

a conspiracy to discriminate and to deprive plaintiffs of their property interest because of political affiliation.  This is considered merely a conclusory statement.  (*Id.*, ¶26).

As to co-defendant Pérez, he is mentioned as being the Administrator of the Department of the Family and being an NPP follower.  (Complaint ¶¶18, 32, and 36).  Said co-defendant Pérez is referred as the signatory to the termination letters received by plaintiffs around September 25, 2009.

Since plaintiffs failed to submit a reply and/or timely opposition to above defendants' judgment on the pleadings, a perusal of the complaint indicates the adverse employment actions and the alleged political motivation underneath the acts of defendants Irizarry and Pérez are merely juxtaposed to a change in government administration after the general elections on November 4, 2008.  When the new NPP elected governor Luis Fortuño-Burset appointed defendant Irizarry as the Secretary of the Department of the Family, she is presumed by plaintiffs, without more, that she is also affiliated to the NPP and an advocate of the NPP party.  Since plaintiffs were all perceived to be active members of the PDP, of which she must have had personal knowledge, the application of Law No. 7 as to each one of the plaintiffs was because of their political affiliation.  These are merely conclusory events, not factual pleadings.  As such, the complaint attempts to submit that upon approval of Law No. 7, which empowered all government agencies, including the Department of the Family, to address the state government economic situation and which resulted in the dismissal of public employees, including career employees with property

interest in their positions, defendants availed themselves of political affiliation animus to dismiss the eleven (11) plaintiffs in the present case.

Similarly as to co-defendant Pérez who is described as merely having signed the letters received by plaintiffs notifying them about the employment action under Law No. 7.

These submissions as they appear in the complaint are conclusory and devoid of a factual predicate to sustain the grounds for a civil rights violation.   As such, judgment on the pleadings as to Section 1983 and the First Amendment claim on grounds of political discrimination, is warranted as to both co-defendants Irizarry and Pérez.

**B.    Due Process.**

On the same grounds above discussed as to claims submitted by plaintiffs for a First Amendment violation, the complaint states defendants dismissed plaintiffs without formulating charges, without notice and without affording them a hearing, in violation of their due process rights.  Since plaintiffs allege that a seniority list as to those who were to be affected by Law No. 7 was not published, plaintiffs were not allowed to effectively exercise their rights to be heard in violation of their property rights to retain their career employment.    As such, the Complaint alleges a Fourteenth Amendment due process violation for not being granted a pre-termination hearing before Law No. 7 dismissal ensued.  (Docket No. 3, ¶¶47-48).

In order to properly assert a procedural due process claim under § 1983, plaintiff must show that: (1) they had a property interest and (2) that defendants, acting under color

of state law, deprived them of that property interest without providing them with a constitutionally adequate procedure. *See* Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 56 (1st Cir.2006); Licari v. Ferruzzi, 22 F.3d 344, 347 (1st Cir. 1994).

The pleadings of the instant complaint clearly state plaintiffs were career employees who had an expectancy to retain their state employments and, thus, had the right to be provided with due process for their employment termination. Still, the existence of a right and the alleged violation, without any link as to any particular defendant included in the complaint, fails to meet the sufficient pleading standard criteria for relief to be granted for a due process violation.

Defendants further aver, in their motion for judgment on the pleadings, the due process claim should also be dismissed for defendants have not been identified with any personal participation. Additionally, the complaint lacks sufficient pleadings of a due process violation.

Plaintiffs submit Law No. 7 required seniority to be examined on a government-wide basis before dismissals were allowed. Still, all the complaint referred as to lack of scientific study on seniority is attributed in general to "the government", not a party defendant in this case, and definitely not attributable to any of the defendants as being personally involved with such alleged due process claim. (Docket No. 3, ¶¶ 29-31).

As such, the complaint as drafted fails to plead with specificity the due process claim in regards with defendants. *See* Wright, Miller, Kane and Marcus, *Judgment on the Pleadings – Practice Under Rule 12(c)*, 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.).

In sum, as to both the political discrimination and the due process claims, plaintiffs must plead facts sufficient to support a reasonable inference that plaintiffs' political affiliation was a substantial or motivating factor in the defendants' conduct. Plaintiffs must plead facts specifying the role of each defendant in the adverse employment action. "A plausible discrimination claim requires more than an awareness of the plaintiffs' political affiliations. It requires a reasonable inference that the plaintiffs' political affiliation was a substantial or motivating factor in the defendants' conduct. *See* Peñalbert–Rosa v. Fortuño-Burset, 631 F.3d 592, 594 (1st Cir. 2011).

Moreover, *each* defendant's role in the termination decision must be sufficiently alleged to make him or her a plausible defendant. After all, "we must determine whether, *as to each defendant,* a plaintiff's pleadings are sufficient to state a claim on which relief can be granted." Sánchez v. Pereira-Castillo, 590 F.3d 41, 48 (1st Cir. 2009); *see also* Peñalbert-Rosa, 631 F.3d at 594 ("[S]ave under special conditions, an adequate complaint must include not only a plausible claim but also a plausible defendant."). *See* Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1 (1st Cir.2011).

The First Circuit Court of Appeals has stated that while plaintiffs are not required to bring forward "smoking gun" evidence, Welch v. Ciampa, 542 F.3d 927, 938–40 (1st Cir. 2008), plaintiffs must do more than "[m]erely juxtapose a 'protected characteristic—someone else's politics—with the fact that the plaintiff was treated unfairly.' " Peguero–Moronta v. Santiago, 464 F.3d 29, 45 (1st Cir.2006) (internal citations omitted). For example, an adverse employment action that takes place shortly after a change in

political administration "unquestionably contributes at the motion to dismiss stage to the reasonable inference that the employment decision was politically motivated." Ocasio–Hernandez, 604 F.3d at 18 (internal citation omitted). A politically charged work atmosphere may also suggest that plaintiff's political affiliation was a substantial or motivating factor in the defendants' conduct. *Id.* at 17. Mere conclusory statements that plaintiffs faced an adverse employment action because of the plaintiffs' political affiliation, however, are insufficient to survive a motion to dismiss. *See id.* at 12.

An examination of the pleadings reveals the requirements of Iqbal insofar as a showing sufficient for federal causes of action as to defendants are lacking. Thus, judgment on the pleadings as to political discrimination and due process, as requested by defendants, is appropriate and was left uncontested by plaintiffs' failure to reply or object.

### C.    Lack of Standing by the Spouses for 42 U.S.C. § 1983 Claims.

Defendants submit the respective spouses of above plaintiffs cannot recover under Section 1983 for a litigant must be able to recover only for their own injury and the civil right violations claimed are available only to the person to whom the adverse state action was directed and whose constitutional rights are alleged to have been violated. In § 1983 actions, plaintiff must also plead enough for a necessary inference to be reasonably drawn. *See* Marrero-Gutiérrez v. Molina, 491 F.3d 1 (1st Cir. 2007) (affirming judgment on the pleadings on political discrimination claim). *See also* Torres-Viera v. Laboy-Alvarado, 311 F.3d 105, 108 (1st Cir.2002) (*citing* Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 167-68, 113 S.Ct. 1160 (1993)); Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007)(rephrasing the standards under Rule 12(b)(6)).

The only reference in the complaint that is not a constitutional claim appears as a general indication, without more, of jurisdiction under the Constitution and Laws of the Commonwealth of Puerto Rico, pursuant to Title 42, United States Code, Section 1988 and Title 28, United States Code, Section 1367.  (Docket No. 3, ¶2).  Reference to the plaintiffs' spouses appear at ¶¶ 13-15.  Thereafter, in the Second Cause of Action which may be considered related to plaintiffs' spouses, the complaint refers to dismissal because of perceived political affiliation and claim for relief under Law No. 114 of May 7, 1942, Law No. 100 of June 30, 1959, Law No. 5 of October 14, 1975, and Art. 1802 of the P.R. Civil Code. (Complaint ¶52).

Puerto Rico Law No. 114 prohibits prejudicial discrimination by an employee because of political affiliation.  Likewise, Puerto Rico Law No. 100 is the anti-discrimination in employment law similar to the federal law of the Age Discrimination in Employment Act ("ADEA").  Both of these statutes refer to the relationship between the employee and the employer and will not extend to plaintiffs' spouses.[8]  As such, the only plaintiffs with standing to protect their own rights as to employment discrimination are those employees

---

[8]   Puerto Rico Law 100, like the ADEA, "provides a cause[ ] of action in favor of those persons who suffer discrimination in their employment because of their age.  Alvarez-Fonseca v. Pepsi Cola of Puerto Rico Bottling Co., 152 F.3d 17 (1st Cir. 1998).

who suffered the alleged employment action, that is, the person who was allegedly unjustly terminated and was allegedly deprived of his/her constitutional rights as a result of such termination. *See* Fundación Arqueológica v. Departamento de la Vivienda, 9 P.R. Offic. Trans. 509, 109 D.P.R. 387 (P.R.1980).

Insofar as Law No. 5 of October 14, 1975, these provisions refer to the Puerto Rico Personnel Act known as the Puerto Rico Public Service Personnel Act, Act No. 5 of October 14, 1975 (3 L.P.R.A. § 1301 *et seq*.)  (Docket No. 3,  ¶52). Thus, plaintiffs' spouses lack standing to claim any constitutional violations under the factual scenario of these claims, as well as under those state law that are applicable solely to the employer-employee relationship of main plaintiffs.

Thus, no causes of action are available for a constitutional violation as to the spouses of plaintiffs for these individuals lack a cognizable right as to any constitutional violation as above discussed and neither are they covered by the provisions of Law No. 100, Law No. 114 or Law No. 5.

As to any pendent state claims, including Art. 1802 general tort statute, if applicable to plaintiffs' spouses, the same ruling will apply as discussed below in Part II of this opinion and order on pendent state claims when the federal claims have been dismissed and this Court declines to exercise jurisdiction over same.

### D.    Qualified Immunity.

Finally, defendants submit that, in the event judgment on the pleadings does not dispose of the claims against defendants Irizarry and Pérez, qualified immunity should be available to these defendants.  In essence, defendants aver that, since the complaint fails to adequately establish a statutory or constitutional right being violated as to all plaintiffs, individual defendants should be entitled to qualified immunity.  (Docket No. 53).

However, the issue of qualified immunity becomes moot upon a determination that judgment on the pleadings is to be entered for defendants, as above discussed.[9]

## II.  Pendent State Claims.

No request was made by defendants regarding the supplemental claims referred to in the Complaint as to Law No. 114 of May 7, 1942, 29 L.P.R.A. §140 *et seq.*; Law No. 100 of June 30, 1959, 29 L.P.R.A. §146 *et seq.*; Law No. 5 of October, 14, 1975, as amended, 3 L.P.R.A. §1331 *et seq.*; Art. 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141. (Complaint at 52 , Docket No. 3, p. 3, sec. 11; pp.9-10, sec. 52).  Thus, we decline to make any *sua sponte* ruling as to lack of specificity of defendants' participation regarding the state law pendent claims.

---

[9]   Similarly, this Court sees no need to discuss a motion for dismissal and/or abstention filed under Colorado River doctrine because, upon dismissal of the complaint by granting defendants' judgment on the pleadings, the issues raised become moot. (Docket No. 53). After all, Colorado River abstention is to be used sparingly and approach with great caution. *See* Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109 (1st Cir. 2012).

Still, the Supreme Court indeed said in <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 86 S.Ct. 130 (1966), that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."   It is true that "in the usual case in which all federal law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S.  343, 350 n.7, 108 S.Ct. 614 (1988) (explaining that the <u>Gibbs</u> court was referring to the usual case, not every case, when it stated that state law claims should be dismissed if the federal claims are dismissed before trial).  Still more, the Court of Appeals for the First Circuit indicated in <u>Redondo Construction Corp. v. Jose M. Izquierdo</u>, 662 F.3d 42 (1st Cir. 2011) that a court dismissing all claims over which it has original federal jurisdiction is not obligated to decline to exercise supplemental jurisdiction over remaining state law claims and should examine the criteria therein provided but none of the facts discussed in <u>Redondo</u> for the Court to continue to entertain state pendent claims are present in this federal action as claims by plaintiffs against co-defendants Irizarry and Pérez.[10]

Upon examination of the applicable criteria to the present case, this Court declines to exercise pendent jurisdiction over plaintiffs' supplemental claims. Thus, in the absence of surviving federal claims, this Court considers appropriate to exercise its discretion and not to entertain state pendent claims, which are to be dismissed, without prejudice.

---

[10]   In <u>Redondo</u>, the Court of Appeals for the First Circuit discussed and balanced the interests in judicial economy, convenience, and fairness finding that regardless of the dismissal of federal claims, the former weighed overwhelmingly in favor of the court's continuing to exercise its jurisdiction.

Militza Pagán Quiñones, et al., v. Yanitsia Irizarry Méndez, et al
Civil No. 10-1378 (CVR)
Opinion and Order
Page No. 19

---

## CONCLUSION

In view of the above discussed, the Motion for Judgment on the Pleadings is GRANTED. (Docket No. 40).

Judgment is to be entered accordingly dismissing all federal claims as to co-defendants Irizarry and Pérez and dismissing state pendent claims, without prejudice.

Finally, the Motion to Dismiss and/or Stay is DENIED AS MOOT.  (Docket No. 53).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 10th day of May of 2012.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE